IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DELBERT WAYNE COLQUITT | § | |
| v. | § | CIVIL ACTION NO. 9:09cv86 |
| SANDRA JONES, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Delbert Colquitt, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged denials of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Colquitt sues two state parole officers, Sandra Jones and Robert Kimbro. He asserts that Jones has "never been positive" towards him, has "verbally abused him," and has threatened to lock him up and send him back to prison, without considering the fact that he is handicapped as a result of having been shot in the arm by police in 1972. He says that Kimbro locked him up in retaliation, although he does not specify the what Kimbro was retaliating for, and says that he stayed in jail for 35 days before being released by a parole examiner in Tyler.

For relief in his lawsuit, Colquitt asks that his parole violator's warrant be lifted, that he be released from the Angelina County Jail, that he not be sent back to the penitentiary, and that he be found not guilty on the charges of resisting arrest that he is currently facing.

After review of the pleadings, the Magistrate Judge issued a Report on May 22, 2009, recommending that the lawsuit be dismissed without prejudice as frivolous. Curry v. Owens, 281 Fed.Appx. 358 (5th Cir., June 10, 2008) (not selected for publication in the Federal Reporter)

(available on WESTLAW at 2008 WL 2401440); *cf.* Heck v. Humphrey, 114 S.Ct. 2364, 2371 (1994). The Magistrate Judge observed that claims such as those brought by Colquitt, and the relief which he is seeking, implicate the fact or legality of his confinement and thus should be brought through the vehicle of a habeas corpus petition rather than a civil rights lawsuit. Finally, The Magistrate Judge stated that the present lawsuit could not be construed as a habeas corpus petition because Colquitt failed to allege, must less show, that he had exhausted his available state remedies; thus, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice.

Colquitt received a copy of the Report on May 27, 2009, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Magistrate Judge's Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil rights lawsuit be and hereby is DISMISSED without prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **25** day of **June, 2009.**

_____
Thad Heartfield
United States District Judge